## McNamara v. Dratt and Myers.

Partnership: EVIDENCE OF. In an action wherein the principal point of controversy was as to the partnership of defendants, it was *held*, that bills for goods, purporting to be made out against one of the defendants alone, and found in a drawer in the room where the business was carried on, were not admissible in behalf of one of the defendants, as evidence tending to show that no partnership existed between him and his co-defendant.

*Appeal from Pottawattamie District Court.*

SATURDAY, FEBRUARY 24.

ACTION for goods sold and delivered to the defendants who, it is alleged, were partners, under the firm name of B. F. Dratt & Co.

The allegations of the petition are all denied in the answer of Myers, and particularly the alleged partnership. Dratt was not served with notice, and made no appearance.

The cause was tried to a jury, who returned a verdict for defendant. Judgment rendered thereon, and plaintiff appeals.

*Sapp, Lyman & Hanna* for the appellant.

*A. V. Larimer* for the appellee.

MILLER, J. — The principal issue on the trial was upon the fact of partnership. Nearly the entire evidence was directed to this issue. The defendant Myers, while on the stand as a witness, produced certain accounts made out by different parties in Omaha, Nebraska (where it is alleged the business of the partnership was conducted), purporting to be bills or accounts for goods purchased by Dratt. These bills were made out against B. F. Dratt, in

his individual name, and the witness testified that he found them in a drawer in one of the rooms where the alleged partnership business was transacted. Some of the bills were receipted and others not.

The defendant proposed to give these bills in evidence, for the purpose of showing that no such partnership as B. F. Dratt & Co. was known there, to which plaintiff objected, on the grounds of immateriality, irrelevancy and incompetency, which objection the court overruled, and this ruling is assigned as error.

Upon what principle these bills were admitted we are unable to discover. There was no evidence whatever of their genuineness given. They may have been manufactured by Dratt; nor would they have been admissible to prove that no such partnership was known in Omaha, if the bills had been shown to be genuine — made out by the respective parties whose accounts they purported to be. They might have been thus made out at the request of Dratt or Myers, and, at the same time, the partnership could have been fully known, even to those parties making the bills. They were wholly incompetent, and should have been rejected.

For this error the judgment is

Reversed.